IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JERMEL L., | ) |
| | ) No. 21 C 4217 |
| Plaintiff, | ) |
| | ) Magistrate Judge M. David Weisman |
| v. | ) |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Jermel L. appeals the Acting Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court reverses the Acting Commissioner's decision.

### Background

On February 28, 2019, plaintiff applied for benefits, alleging a disability onset date of March 1, 2018. (R. 164-165.) His application was denied initially, on reconsideration, and after a hearing. (R. 18-35, 186-87, 216-17.) The Appeals Council declined review (R. 1-3), leaving the ALJ's decision as the final decision of the Acting Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts,

the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform ("RFC") his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. (R. 20.) At step two, the ALJ found that plaintiff has the severe impairment of seizure disorder. (R. 21.) At step three, the ALJ found that plaintiff's impairment does not meet or medically equal a listed impairment. (R. 23.) At step four, the ALJ found that plaintiff cannot perform any past relevant work but has the RFC to perform a full range of work at all exertional levels with certain exceptions. (R. 24-33.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus he is not disabled. (R. 34-35.)

2

Plaintiff argues that the ALJ did not properly assess the opinion of his treating neurologist, Dr. Schuele. On October 21, 2020, Dr. Schuele said that: (1) he had been treating plaintiff for a year; (2) plaintiff has one or two seizures per week; (3) plaintiff does not have warning of an impending seizure and thus cannot take safety precautions in advance; (4) after a seizure, plaintiff cannot speak for one or two hours and feels tired until the next day; (5) plaintiff needs to take unscheduled breaks of fifteen to thirty minutes several times a day, requires more supervision than his unimpaired co-workers, and is incapable of performing even low stress jobs; (6) plaintiff's seizures would likely interrupt his co-workers' work; and (7) plaintiff cannot work at heights, operate heavy machinery, drive or be exposed to extreme temperatures, dust, fumes, gases, and hazardous materials. (R. 1207-09.)

The ALJ said this about Dr. Schuele's opinions:

> I find persuasive, the opinion by Dr. Schuele . . . concluding that the claimant cannot work at heights, no operating heavy machinery, no driving, as supported by his own records, as well as the other medical evidence of record, including those of previous treatment neurologist, Dr. Brockhold, and the objective findings of the seizure clinic. Thus, [sic] accommodate such limitations in my residual functional capacity finding. However, I find unpersuasive, Dr. Scheule's [sic] opinions that the claimant must avoid extreme temperatures, dusts, fumes, gases, and hazardous materials, and has vision limitations. There is no evidence that the claimant's seizures are triggered by auras, in fact, he testified that he did not know what triggered his seizures. There is also no evidence of vision deficits due to seizures.
>
> Furthermore, Dr. Schuele's opinion that the claimant can only work "low stress" jobs is not in vocationally relevant terms, as what qualifies as a low stress job may differ among individual persons. Additionally, Dr. Schuele's opinion that the claimant would be absent more than four days per month is not supported by the medical evidence of record. In fact, the claimant showed no longstanding residual deficits due to seizures that would support a finding of absenteeism.

(R. 32-33.)

Plaintiff contends that the ALJ erred by failing to address Dr. Schuele's opinions that plaintiff's seizures were likely to disrupt the work of his co-workers, he requires more supervision

than an unimpaired worker, and after a seizure he cannot speak for one to two hours. Defendant says the ALJ was not required to address these opinions because they are "simply annotations of plaintiff's self-described seizure activity" (ECF 15 at 10); that is, they are not medical opinions at all. But the ALJ did not say he thought these were medical opinions in name only, and his failure to do so precludes the Acting Commissioner from making that argument now. *See Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012) ("Under the *Chenery* doctrine, the Commissioner's lawyers cannot defend the agency's decision on grounds that the agency itself did not embrace."); *Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010) (same).[1]

Defendant says the ALJ's failure to address these opinions was harmless because there is no evidence that plaintiff's seizures would disrupt his coworkers for twenty minutes or more, the length of time the vocational expert ("VE") said would be work preclusive. (R. 83.) Even if that is true, defendant does not explain how the ALJ's disregard of the other two opinions—that plaintiff requires more supervision than an unimpaired employee and is unable to speak for up to two hours after a seizure—was harmless. Nor could she. Defendant had the burden of proving that plaintiff can perform work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a), 416.920. Because the ALJ did not ask the VE whether there are jobs that can be performed by a person who requires extra supervision, is periodically unable to speak, and has the limitations endorsed by the ALJ, the case must be remanded.

---

[1] The *Chenery* doctrine also dooms the Acting Commissioner's argument that these opinions are not supported by the medical evidence.

**Conclusion**

For the reasons set forth above, the Court reverses the Acting Commissioner's decision, denies the Acting Commissioner's motion for summary judgment [14], and remands this case for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).

**SO ORDERED.**               **ENTERED: September 21, 2022**

**M. David Weisman**
**United States Magistrate Judge**